UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                              )
BRITISH TELECOMMUNICATIONS PLC,      )
                                                              )
          Plaintiff and Counterclaims-             )
          Defendant,                                       )
                                                              )
          v.                                                     )          Civil Action No. 1:09-cv-11933-WGY
                                                              )
ST-ERICSSON S.A., and                              )
ST-ERICSSON INC.                                     )
                                                              )
          Defendant and Counterclaims-           )
          Plaintiff.                                          )
_____)

### ANSWER TO SECOND AMENDED COMPLAINT, COUNTERCLAIMS, AND DEMAND FOR JURY TRIAL

ST-Ericsson S.A. and ST-Ericsson Inc. (collectively "ST-Ericsson") answer British

Telecommunications PLC's ("BT") Second Amended Complaint as follows:

### NATURE OF THE ACTION

1.       ST Ericsson denies the allegations of Paragraph 1, but admits that BT's Second

Amended Complaint purports to assert a claim for patent infringement arising under 35 U.S.C. §

271 *et seq.*

### PARTIES

2.       ST-Ericsson is without knowledge or information sufficient to form a belief as to

the truth of the allegation contained in Paragraph 2.

3.       ST-Ericsson denies the allegations of Paragraph 3, but admits that ST-Ericsson

Inc. is a Delaware corporation.  ST-Ericsson Inc.'s principal place of business is 7500 Rialto

Blvd., Bldg. Two, Suite 200, Austin, TX 78735.

4.       ST-Ericsson denies the allegations of Paragraph 4, but admits that ST-Ericsson

S.A. is incorporated in Geneva, Switzerland with its principal place of business at 1 Chemin du

Champ-des-Filles 39, Case Postale 21, CH-1228 GEVEVA, Plan-les-Ouates, Switzerland.

US1DOCS 7810034v1

**JURISDICTION AND VENUE**

5.      Paragraph 5 states a conclusion of law that requires no response.

6.      Paragraph 6 states conclusions of law that require no response.

7.      Paragraph 7 states conclusions of law that require no response.  To the extent that a response is required, ST-Ericsson denies that it has committed acts of infringement in this judicial district or any other judicial district.

8.      Denied.

**CLAIM FOR RELIEF FOR ALLEGED INFRINGEMENT OF U.S. PATENT 5,153,591**

9.      ST-Ericsson admits that on October 6, 1992, the United States Patent and Trademark Office issued U.S. Patent No. 5,153,591 ("the '591 patent") and that the '591 patent is entitled "Method and Apparatus for Encoding, Decoding and Transmitting Data in Compressed Form."  ST-Ericsson also admits that Exhibit A to the Second Amended Complaint appears to be a copy of the '591 patent.  ST-Ericsson denies that the '591 patent was duly or legally issued.  ST-Ericsson also denies that the '591 patent is or was enforceable.

10.      ST-Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 10, which is therefore denied.

11.      ST-Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, which are therefore denied.

12.      ST-Ericsson admits that it is a 50/50 joint venture between STMicroelectronics N.V. and Telefonaktiebolaget L. M. Ericsson, which is popularly known as Ericsson.  ST-Ericsson also admits that Telefonaktiebolaget L. M. Ericsson was Ericsson Mobile Platforms AG's parent company, but ST-Ericsson denies that it has ever made, used, offered to sell, sold, and/or imported any product that practiced the inventions claimed in the '591 patent.  ST-Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12, which are therefore denied.

13.     Denied.

14.     Denied.

15.     ST-Ericsson denies any infringement, but admits that BT sent ST-Ericsson a letter on April 2, 2009 informing ST-Ericsson for the first time that BT believed that ST-Ericsson had infringed the '591 patent.

16.     Denied.

17.     Denied.

## AFFIRMATIVE DEFENSES

ST-Ericsson pleads the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE
## (JURISDICTION)

18.     ST-Ericsson is not subject to personal jurisdiction in this court.

## SECOND AFFIRMATIVE DEFENSE
## (VENUE)

19.     Venue in this District is improper inasmuch as the Defendants do not reside in this District, have not committed acts of infringement in this District, and do not have a regular and established place of business in this District.

## THIRD AFFIRMATIVE DEFENSE
## (FAILURE TO STATE A CLAIM FOR RELIEF)

20.     The Second Amended Complaint fails to state a claim upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE
## (NON-INFRINGEMENT)

21.     ST-Ericsson has not directly infringed, either literally or under the doctrine of equivalents, and has not indirectly infringed, by contributing to infringement or inducing infringement of, any valid and enforceable claim of the '591 patent.

US1DOCS 7810034v1

## FIFTH AFFIRMATIVE DEFENSE
### (INVALIDITY)

22.     ST-Ericsson is informed and believes, and on that basis alleges, that each and every claim of the '591 patent is invalid and/or void for failure to comply with one or more requirements of Part II of Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, and 112, and the applicable provisions of Title 37 of the Code of Federal Regulations.

## SIXTH AFFIRMATIVE DEFENSE
### (LACHES)

23.     ST-Ericsson is informed and believes, and on that basis alleges, that BT is barred in whole or part by laches from obtaining damages in this action.

## SEVENTH AFFIRMATIVE DEFENSE
### (WAIVER)

24.     ST-Ericsson is informed and believes, and on that basis alleges, that BT is barred in whole or in part by waiver from obtaining any requested relief in this action.

## EIGHTH AFFIRMATIVE DEFENSE
### (EQUITABLE ESTOPPEL)

25.     ST-Ericsson is informed and believes, and on that basis alleges, that BT is equitably estopped from obtaining any requested relief in this action.

## NINTH AFFIRMATIVE DEFENSE
### (LIMITATION ON DAMAGES)

26.     BT's claim for damages is limited by 35 U.S.C. §286.

## ST-ERICSSON'S COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, counterclaimant ST-Ericsson hereby brings its counterclaims against counterclaim-defendant BT, alleging as follows:

## PARTIES

27.     Counterclaimant ST-Ericsson Inc. is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business at 7500 Rialto Blvd., Bldg. Two, Suite 200, Austin, TX 78735.  Counterclaimant ST-Ericsson S.A. is incorporated in

US1DOCS 7810034v1

Geneva, Switzerland with its principal place of business at 1 Chemin du Champ-des-Filles 39, Case Postale 21, CH-1228 GEVEVA, Plan-les-Ouates, Switzerland.  (ST-Ericsson Inc. and ST-Ericsson S.A. are hereinafter collectively referred to as "ST-Ericsson.")

28.     According to the allegations of Paragraph 2 of the Second Amended Complaint, British Telecommunications PLC ("BT") is a corporation duly organized and existing under the laws of England and Wales, and has its principal place of business at 81 Newgate Street, London EC1A, 7AJ, United Kingdom.

### JURISDICTION AND VENUE

29.     This Court has subject matter jurisdiction over ST-Ericsson's counterclaims under Title 35 of the United States Code as well as under 28 U.S.C. §§ 1331, 1338(a) and 2201.

30.     BT is subject to the personal jurisdiction of this Court.

31.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

### FACTS

32.     U.S. Patent No. 5,153,591, titled "Method and Apparatus for Encoding, Decoding and Transmitting Data in Compressed Form" ("the '591 patent"), was issued by the United States Patent and Trademark Office on October 6, 1992.  BT claims to own all rights in the '591 patent.

33.     BT has sued ST-Ericsson in the present action alleging infringement of the '591 patent.

34.     An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between BT and ST-Ericsson with respect to the validity, infringement, and enforceability of the '591 patent.

### COUNT ONE
### (NON-INFRINGEMENT)

35.     ST-Ericsson incorporates by reference the allegations of paragraphs 27-34 above as though fully set forth herein.

36.     ST-Ericsson has not infringed, directly or indirectly, the '591 patent.

- 5 -

37.     ST-Ericsson is entitled to a declaratory judgment that it has not infringed the '591 patent.

**COUNT TWO**
**(INVALIDITY)**

38.     ST-Ericsson incorporates by reference the allegations of paragraphs 27-34 above as though fully set forth herein.

39.     ST-Ericsson is informed and believes, and on that basis alleges, that each and every claim of the '591 patent is invalid and void for failing to meet one or more of the requirements and/or conditions for patentability specified by Title 35 of the United States Code § 101 *et seq.*, including without limitation, §§ 102, 103, and/or 112.

40.     ST-Ericsson is entitled to a declaratory judgment that the claims of the '591 patent are invalid.

**COUNT THREE**
**(UNENFORCEABILITY)**

41.     ST-Ericsson incorporates by reference the allegations of paragraphs 27-34 above as though fully set forth herein.

42.     ST-Ericsson is informed and believes, and on that basis alleges, that the '591 patent is unenforceable because of waiver, estoppel, laches and/or other applicable equitable doctrines.

43.     ST-Ericsson is entitled to a declaratory judgment that the '591 patent is unenforceable.

**PRAYER FOR RELIEF**

WHEREFORE, ST-Ericsson requests entry of judgment in its favor and against BT as follows:

A.     That BT's Second Amended Complaint be dismissed with prejudice;

B.     That the Court enter judgment against BT and in favor of ST-Ericsson;

D.     That the Court enter a declaratory judgment declaring that ST-Ericsson does not directly or indirectly infringe U.S. Patent No. 5,153,591;

E.      That the Court enter a declaratory judgment declaring the claims of U.S. Patent No. 5,153,591 to be invalid and/or void;

F.      That the Court enter a declaratory judgment declaring the claims of U.S. Patent No. 5,153,591 to be unenforceable;

G.      That this case be declared "exceptional" under the provisions of 35 U.S.C. § 285, among other statutes, and that ST-Ericsson be awarded its costs, expenses and reasonable attorneys' fees upon prevailing in this action; and

H.      That the Court award ST-Ericsson such other and further relief as the Court may deem just and appropriate.

**DEMAND FOR JURY TRIAL**

ST-Ericsson demands a trial by jury on all issues so triable.

US1DOCS 7810034v1

Respectfully submitted,

ST-ERICSSON INC. and ST-ERICSSON,
S.A.

By counsel,

/s/ D. Alexander Ewing
William F. Lee, BBO No. 291960
Joseph J. Mueller BBO No. 647567
D. Alexander Ewing BBO No. 667899
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109
Tel.:  (617) 526-6000
Fax:  (617) 526-5000

James L. Quarles, BBO No. 408520
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
Tel.:  (202) 663-6000
Fax:  (202) 663-6363

*Of Counsel*

James M. Dowd
Wilmer Cutler Pickering Hale and Dorr LLP
350 S. Grand Avenue, Suite 2100
Los Angeles, CA  90071
Tel.:  (213) 443-5300
Fax:  (213) 443-5400

Dated:  January 7, 2011

## CERTIFICATE OF SERVICE

I, D. Alexander Ewing, hereby certify that a true and correct copy of the foregoing

document will be sent via ECF to all counsel of record on January 7, 2011.

/s/ D. Alexander Ewing
D. Alexander Ewing

US1DOCS 7810034v1